IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patrick Michael Falcey, Jr.,  :
                Petitioner  :
   :
         v.  :    No. 158 M.D. 2024
   :
D. Nace, Diagnostic and  :    Submitted: April 8, 2025
Classification Counselor, and Keri  :
Moore, Chief Grievance Officer,  :
Pennsylvania Department of  :
Corrections,  :
                Respondents  :


OPINION
PER CURIAM                        FILED: May 19, 2025


        Patrick Michael Falcey, Jr. (Petitioner), proceeding *pro se*, has filed a Petition for Review (PFR) against D. Nace, a Diagnostic Unit employee of the Pennsylvania Department of Corrections (Department) at State Correctional Institution-Camp Hill, and Keri Moore, the Chief Grievance Officer for the Department (Respondents), in this Court's original jurisdiction, seeking review of the September 20, 2023 final grievance determination denying Petitioner's eligibility to participate in the State Drug Intermediate Drug Offender Treatment Program (Drug Program), 61 Pa. C.S. §§4101-4108.[1]  Before us for disposition are Respondents' Preliminary Objections

---

[1] The Drug Program is a 24-month intensive treatment program for statutorily eligible inmates who have been convicted of substance use-related crimes, and who meet certain eligibility standards in Section 4104 of the Prisons and Parole Code, 61 Pa. C.S. § 4104 (selection for the State drug treatment program).  Upon successful completion of the Drug Program, the inmate's entire term of confinement will be deemed to have been served. 61 Pa. C.S. § 4105(b)(5).

in the nature of a demurrer. For the reasons set forth below, we sustain Respondents' preliminary objections and dismiss Petitioner's PFR.

## I. Factual and Procedural Background

The facts as alleged in the PFR are as follows.[2] Petitioner is currently incarcerated at the State Correctional Institution-Chester for misdemeanor offenses that resulted in no injury. (PFR, ¶ 2.) Respondents denied Petitioner's eligibility for the Drug Program "based on [Petitioner's] collective criminal history." *Id.*, ¶ 4; Exhibit B, at 1. Petitioner challenged his ineligibility for the Drug Program through the Department's grievance system. Respondents denied the grievance.

According to the PFR, Respondents have made numerous other offenders who have Drug Program-excluding convictions eligible for the Drug Program, including: M. Little, #QP1854 (Felony 1 - Armed Robbery); B. Gladfelter, #QP3030 (Felony - Possession of Firearm); T. Greybill, #QP3179 (Felony 2 - Aggravated Assault); K. O'Neill, #QP3702 (Felony - Burglary). *Id.*, ¶ 5. Respondents have classified Petitioner as a "custody level 4 offender" even though he is incarcerated for misdemeanor offenses, while classifying F. Jiminez, #QP3561 (Felony 2 - Aggravated Assault Serious Bodily Injury) as a "custody level 2 offender." *Id.*, ¶ 6. Petitioner asserts that Respondents violated his right to equal protection by admitting the other named inmates into the Drug Program and denying him admission. He contends that

> [t]hese vast differences in classification and treatment
> between [him] and the many other said offenders whom are

---

[2] Petitioner attached the following documents as exhibits to the PFR:
Exhibit A – Grievance No. 1024562.
Exhibit B – Initial Review Response.
Exhibit C – Inmate Appeal to Facility Manager.
Exhibit D – Facility Manager's Appeal Response.
Exhibit E – Petitioner's Appeal to Final Review.
Exhibit F – Final Appeal Decision.

2

permitted/made eligible for the [Drug Program] do[] not involve policies based on security rationales, do[] not bear a rational relationship to any legitimate governmental purpose, serve[] no compelling state interest, there are no reasonable conceivable state of facts that could possibly provide a rational basis for the difference in classification and the treatment between [him] and the many other said offenders, thereby leaving Petitioner intentionally and individually discriminated against by [Respondents'] manifestly unreasonable and wholly arbitrary acts of grossly demonstrating favoritism toward the many other said offenders (whom by which a majority of them are [H]ispanic, and Petitioner is not).

*Id.*, ¶ 7. Petitioner also asserts that

[Respondents] falsely state[d] (within Exhibit F) that Petitioner: ". . . indicates that a second copy of the response was sent . . ." when in fact, this is plainly false as Petitioner states (within Exhibit C) that he received FOR THE FIRST TIME EVER an initial Review Response on 4/7/2023, one day later than the 4/6/2023 due date, [] which is also in violation of Petitioner's right to due process under Pa. Const. and U.S. Const.

*Id.*, ¶ 8. (capitalization in original). As relief, Petitioner seeks a judicial declaration that the classification and denial of the Drug Program violated his constitutional rights and that Respondents be directed to enroll him into the Drug Program and correct his current level of custody from a "level 4" to a "level 2." *Id.*, ¶ 10.

Respondents have filed preliminary objections in the nature of a demurrer to the PFR. First, Respondents argue that Petitioner's "due process claim regarding the Drug Program" should be dismissed because Petitioner has no statutory right to be admitted into the Drug Program. (Respondents' Br. at 8.) Second, Respondents argue that Petitioner does not state an equal protection claim because he has not established that he and the other named inmates were similarly situated. Specifically, he does not

3

aver their respective criminal backgrounds, their sentences, the drug-related nature of their offenses, or their backgrounds, which are the factors to be considered in determining Drug Program eligibility.

## II.    Analysis

"The question presented in a demurrer is whether, on the facts averred, the law indicates with certainty that no recovery is possible." *Stilp v. General Assembly*, 974 A.2d 491, 494 (Pa. 2009). In ruling on preliminary objections in the nature of a demurrer, this Court must consider as true all well-pleaded material facts set forth in the petition and all reasonable inferences that may be drawn from those facts. *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). We "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.* To sustain preliminary objections, "it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them." *Id.*

"When ruling on a demurrer, a court must confine its analysis to the complaint." *Id.* "Thus, the court may determine only whether, on the basis of the plaintiff's allegations, he or she possesses a cause of action recognized at law." *Fraternal Order of Police Lodge No. 5 by McNesby v. City of Philadelphia*, 267 A.3d 531, 541 (Pa. Cmwlth. 2021). "[D]ocuments attached as exhibits [and] documents referenced in the complaint . . . may also be considered." *Id.* at 542.

Respondents first contend that Petitioner failed to state a due process claim "regarding the Drug Program." (Respondents' Br. at 7.) However, a careful reading of the PFR indicates that, although Petitioner raises a due process claim, he does not raise it "regarding the Drug Program." Rather, his due process claim relates to his contention that, contrary to Respondents' statement in the Final Appeal Decision

4

(Exhibit F), Petitioner received a copy of the Initial Review Response, but he did not receive that document until April 7, 2023, which was one day after the date it should have been sent to him. He avers that because he received the Initial Review Response one day past the date it was due, he was denied his right to procedural due process. (PFR, ¶ 8.)

The Fourteenth Amendment to the United States Constitution provides, in relevant part, that no "State [shall] deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To maintain a due process challenge, a party must initially establish the deprivation of a protected liberty or property interest. *Miller v. Workers' Compensation Appeal Board (Pavex, Inc.)*, 918 A.2d 809, 812 (Pa. Cmwlth. 2007). If, and only if, the party establishes the deprivation of a protected interest, will the Court consider what type of procedural mechanism is required to fulfill due process. *Shore v. Pennsylvania Department of Corrections*, 168 A.3d 374 (Pa. Cmwlth. 2017).

In the Final Appeal Decision, the Department specifically addressed Petitioner's complaint regarding the timeliness of the Initial Review Response. The Department stated, in this regard, as follows:

> **Regarding the timeliness of the initial review response, you are correct that it was due 4/6/23**. It cannot be determined when the response was submitted for review; however, it was not approved until the following day, 4/7/23. **There is no information to suggest that your appeal rights were in any way hindered.** In fact, you indicate that a second copy of the response was sent to you, **and records show your appeal was accepted well beyond the date it was due**.

(Exhibit F to PFR at 1.) (emphasis added).

5

Petitioner fails to allege sufficiently that Respondents deprived him of a legitimate property interest by delivering the Initial Review Response one day late. As the Department pointed out, there was no evidence that Petitioner's appeal rights or any other rights were hindered. The averments in the PFR otherwise establish that Petitioner was afforded meaningful opportunities to respond, submitted written objections throughout the grievance process, and received written decisions from three different adjudicators within the Department. In fact, he was permitted to file his Appeal to Final Review (Exhibit E) well beyond the date it was due.

In *Shore*, we rejected a nearly identical claim raised by an inmate who argued that he was denied procedural due process because the Department's superintendent and chief grievance officer did not issue their decisions within the designated time frame established by the Department's regulations. We explained that

> [i]n general, allegations that the Department failed to follow its regulations or internal policies cannot support a claim based upon a vested right or duty because these administrative rules and regulations, unlike statutory provisions, usually do not create rights in prison inmates. *Tindell v. Department of Corrections*, 87 A.3d 1029, 1035 (Pa. Cmwlth. 2014); *Bullock v. Horn*, 720 A.2d 1079, 1082 n.6 (Pa. Cmwlth. 1998). As one court explained:
>
> > Plaintiff simply asserts that the alleged failure to follow DC-ADM 804 denied him a meaningful post deprivation remedy *per se*.
> >
> > However, prison regulations do not, in themselves, confer a liberty interest protected by due process, and the failure of prison officials to follow [the Department's] policy does not, in and of itself, result in a violation of due process. The simple fact that state law prescribes certain procedures does not mean

6

that the procedures thereby acquire a federal constitutional dimension. Thus, violations of state statutes or rules or regulations that require certain procedures, which are not compelled by the Federal Constitution because there is no liberty interest that those state mandated procedures protect, do not make out a [due process] claim . . . .

*Bohm v. Straw*, (W.D. Pa., No. 12-16J, filed January 8, 2013) (unreported), slip op. at 15-17 (citations and internal quotation marks omitted); accord *Glenn v. DelBalso*, 599 [F. App'x]. 457, 459 (3d Cir. 2015).

*Shore*, 168 A.3d at 386 (footnote omitted).

Applying that precedent here, Petitioner cannot base a due process claim on an alleged violation of the Department's internal policies regarding designated time frames within which to issue decisions because those internal prison regulations do not confer upon him a protected property or liberty interest under the due process clause. Accordingly, because we conclude that Petitioner has not pled sufficient facts to set forth a *prima facie* case, we sustain Respondents' preliminary objections and dismiss his due process claim.

Next, Respondents contend that Petitioner has failed to state an equal protection claim because he does not plead facts to show that the other named inmates identified in his PFR were similarly situated.

The Equal Protection Clause provides: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, §1. "The 'class of one' theory of equal protection provides that a plaintiff states a claim for violation of the Equal Protection Clause when he 'alleges that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Rivera v. Silbaugh*, 240 A.3d 229, 241-

7

42 (Pa. Cmwlth. 2020) (quoting *Hill v. Borough of Kutztown*, 455 F.2d 225, 239 (3d Cir. 2006)). To state an equal protection claim, "a plaintiff must allege that he is receiving different treatment from that received by other similarly situated individuals." *Myers v. Ridge*, 712 A.2d 791, 799 (Pa. Cmwlth. 1998). "A plaintiff must show intentional discrimination because of the membership in a particular class, not merely that he was treated unfairly as an individual." *Id.* "Conclusory contentions of constitutional violations without factual support do not establish a constitutional deprivation sufficient to withstand a demurrer." *Id.* "The Equal Protection Clause . . . does not obligate the government to treat all persons identically, but merely assures that all similarly situated persons are treated alike." *Small v. Horn*, 722 A.2d 664, 672 (Pa. 1998).

The Drug Program addresses "the individually assessed drug and alcohol abuse and addiction needs of a participant" and "other issues essential to the participant's successful reintegration into the community." 61 Pa. C.S. § 4105(a). Decisions to allow an inmate to participate in the Drug Program are individualized and discretionary. The statute requires the Department to conduct an assessment to determine if the "eligible person would benefit from the State drug treatment program and placement in the program is appropriate." 61 Pa. C.S. §4104(c). The Department, in its evaluation, considers the following selection criteria:

> (1) Information furnished to the Department by the sentencing court.
>
> (2) The results of the assessment of addiction and other treatment needs conducted by the Department.
>
> (3) The length of the sentence that would be typically imposed under the standard range of the sentencing

8

guidelines promulgated by the Pennsylvania Commission on Sentencing.

(4) The eligible offender's motivation to participate meaningfully in a [Drug Offender Treatment Program].

(5) Whether the eligible offender has provided to the Department written consent permitting the release of information pertaining to the eligible offender's participation in a [Drug Offender Treatment Program].

(6) The eligible offender's criminal history.

(7) The eligible offender's escape or parole absconder history.

(8) The eligible offender's institutional adjustment during current and prior incarcerations.

(9) The availability of the Department's programming resources.

37 Pa. Code § 97.106(a).

Here, the basis for Petitioner's equal protection claim is the Department's placement of other male defendants into the Drug Program who are serving time for felonies whereas he is currently serving time for misdemeanor offenses. As we explained in *Keys v. Pennsylvania Department of Corrections* (Pa. Cmwlth., 556 M.D. 2022, filed October 10, 2022),[3] because decisions to allow an inmate into the Drug Program are individualized and discretionary, it is difficult to see how any two inmates may be regarded as similarly situated for the purposes of equal protection analysis. *See also DeMaria v. Commonwealth* (Pa. Cmwlth., No. 710 M.D. 2018, filed Oct. 23,

---

[3] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

2019) (rejecting equal protection claim because inmate did not develop the argument other than identifying two male defendants who pled guilty to drug charges and the history of the other defendants was unknown). Because the Drug Program hinges on a multitude of other criteria, not mentioned in the PFR, Petitioner has failed to show that **similarly situated** inmates have been granted enrollment into the Drug Program. Accordingly, we sustain Respondents' preliminary objections in the nature of a demurrer and dismiss Petitioner's PFR.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patrick Michael Falcey, Jr., : 
                Petitioner :

           :

          v. :   No. 158 M.D. 2024

           :

D. Nace, Diagnostic and :
Classification Counselor, and Keri :
Moore, Chief Grievance Officer, :
Pennsylvania Department of :
Corrections, :
                Respondents :

## *PER CURIAM*

## *ORDER*

AND NOW, this 19th day of May, 2025, the Preliminary Objections to Patrick Michael Falcey, Jr.'s (Petitioner) Petition for Review filed by D. Nace, Diagnostic and Classification Counselor, and Keri Moore, Chief Grievance Officer, Pennsylvania Department of Corrections, are hereby SUSTAINED. Petitioner's Petition for Review is hereby DISMISSED.